UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case Nos. 16-CV-21700 SEITZ/WHITE
09-CR-20523 SEITZ

MICHEL DE JESUS HUARTE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING AND AFFIRMING MAGISTRATE'S REPORT, OVERRULING OBJECTIONS, AND DISMISSING PETITION

THIS MATTER is before the Court on Magistrate Judge White's Report and Recommendations ("R&R") [DE-7], which recommends dismissal of Petitioner's *pro se* 28 U.S.C. § 2255 petition [DE-1]. Upon *de novo* review of the R&R and the pertinent criminal and civil records, the Court finds that the 2012 dismissal of Petitioner's 2011 petition bars consideration of the instant petition as it is successive. Accordingly, the R&R is affirmed and adopted, Petitioner's Objections are overruled, and this case must be dismissed for lack of jurisdiction.

### I.    BACKGROUND

The procedural history is set forth in the R&R and is incorporated by reference. In relevant part, Petitioner Michel De Jesus Huarte pled guilty pursuant to a written plea agreement to conspiracy to commit health care fraud, conspiracy to commit money laundering and aggravated identity theft.[1] On January 29, 2010, Petitioner was sentenced to 264 months imprisonment. In accordance with his plea agreement, he did not pursue any direct appeal or file any post-sentencing motions.

On January 27, 2011, Petitioner retained new counsel who filed Petitioner's first §2255 petition alleging his trial attorney, Fernando Hernandez, provided constitutionally defective

---

[1] Petitioner's written plea agreement contained a factual proffer and a waiver of appeal [*09-CR-20523*-DE-164].

representation in violation of his Sixth Amendment right to competent counsel [*11-CV-20295*-DE-1].[2] Subsequent to the Government's response in opposition, Petitioner—through habeas counsel—moved to voluntarily withdraw his 2011 petition without prejudice on April 22, 2012 [*11-CV-20295*-DE-11]. Pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court ordered the Government to respond [*11-CV-20295*-DE-12]. Before the Government could comply, Petitioner's counsel filed an amended voluntary withdrawal *with prejudice* on April 25, 2012 [*11-CV-20295*-DE-13], with which the Government agreed on the basis that the dismissal was *with prejudice* [*11-CV-20295*-DE-14]. The 2011 petition was accordingly dismissed by the Court *with prejudice* on April 26, 2012 [*11-CV-20295*-DE-15].

About four years later, on May 12, 2016, Petitioner filed the instant §2255 petition, entitled "Renewed Motion to Vacate, Set Aside or Correct Sentence" and alleging a substantially identical ineffective assistance of trial counsel claim [DE-1]. The R&R recommends denial of the instant petition because it is successive and, without leave from the Eleventh Circuit, this Court is without jurisdiction to hear it [DE-7]. Petitioner timely filed Objections [DE-10], to which the Government filed a Response [DE-13] and an email [DE-15] at the Court's request. Petitioner was permitted to file a Reply [DE-17].

## II.  ANALYSIS

In his Objections, Petitioner acknowledges that he has neither sought nor received leave from the Eleventh Circuit to file a successive petition.[3] Petitioner also concedes that he made a

---

[2] In a supplement to his 2011 petition, Petitioner documented his trial counsel's suspension by the Florida Supreme Court for mishandling client funds (unrelated to Petitioner) [*11-CV-20295*-DE-10]. Petitioner's trial counsel was subsequently disbarred. *The Florida Bar v. Fernando Hernandez*, Case No. SC11-1757 (Fla. 2012).

[3] Nor is Petitioner likely to obtain such authorization were he to seek it, as the instant petition asserts the same claims as his first petition. *See Tyler v. Cain*, 533 U.S. 656, 661-62 (2001) (claims asserted in previous habeas petitions fall outside of two narrow circumstances in which leave to file a successive petition may be granted and must be dismissed).

counselled decision to dismiss his first petition in order to pursue a potential sentence reduction through Government cooperation. However, Petitioner argues that because he only authorized his prior habeas counsel to withdraw his first § 2255 without—*not* with—prejudice, and because he did not understand that withdrawal to bar him from pursuing the claims in that first petition again, the instant petition should not be considered successive. He says the instant petition is his first real opportunity for review and requests an evidentiary hearing as to whether he authorized his previous counsel to withdraw his first § 2255 with prejudice.

At the Court's request, the Government filed a response to Petitioner's objections, in which the Government argued the instant petition is successive because Petitioner made a counseled and intelligent decision to withdraw his 2011 petition in order to pursue the possibility of cooperation [DE-13]. The Government produced an email in support of its opposition [DE-15].[4] The email is dated four days prior to Petitioner's first notice of dismissal of his first § 2255 and was purportedly sent from Petitioner's former habeas counsel to Petitioner's then-partner even though it appears to be directed to Petitioner. *Id.* In pertinent part, Petitioner's habeas counsel explained that Petitioner must withdraw his § 2255 if he wants to pursue the possibility of a sentence reduction through cooperation with the Government. Counsel says the § 2255 is "not likely" to be granted, because "the law is against us." *Id.* Furthermore counsel advises that "if you withdraw the motion and cooperate and the government does not move to reduce your sentence, you will NOT be allowed to file another motion, but you could try to cooperate in the future." *Id.* (emphasis in original).

In his reply, Petitioner does not say whether he received this or a similar email as alleged by the Government. Instead Petitioner claims that even if he did receive such an email, the

---

[4] The Government asserts this email is a copy of an email sent by Petitioner's habeas counsel to Petitioner, the original of which counsel could not reproduce because it was destroyed. Id.

- 3 -

wording is such that it did not clearly inform him that he would not be able to pursue another § 2255 if he voluntarily withdrew his first one [DE-17, p. 2]. Petitioner seeks an evidentiary hearing as to his communications with his prior habeas counsel. *Id.* However, an evidentiary hearing is only warranted where the facts alleged, if true, would entitle a petitioner to relief. *Aron v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002); *see* 28 U.S.C. § 2255(b) (stating an evidentiary hearing is not warranted where record shows petitioner is not entitled to relief). Assuming *arguendo* that Petitioner was not aware that the voluntary withdrawal of his first § 2255 would make future petitions successive and that he did not authorize his counsel to withdraw his first petition with prejudice, Petitioner is still not entitled to an evidentiary hearing.

The objective circumstances surrounding withdrawal of his first petition—not Petitioner's subjective beliefs or whether dismissal occurred without prejudice—control whether the first petition "counts" as the first and only unobstructed opportunity for collateral review to which Petitioner is guaranteed. *See Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011) ("A § 2255 motion need not be adjudicated on the merits to 'count' as a prisoner's first motion for AEDPA purposes. A prisoner who voluntarily dismisses a § 2255 motion … may find himself out of luck when he tries to file a second."); *Thai v. United States*, 391 F.3d 491, 495 (2nd Cir. 2004) (noting inquiry regarding whether voluntary withdrawal of first petition made subsequent petition successive requires only objective consideration of circumstances surrounding withdrawal). The objective circumstances here indicate that Petitioner's voluntary withdrawal of his first petition and the resulting dismissal "counts"—making the instant petition successive.

It is undisputed that Petitioner, with advice of counsel, withdrew his first § 2255 in order to pursue another avenue of relief after the Government entered its response in opposition. Moreover,

the one-year deadline to file a habeas petition expired during the pendency of Petitioner's 2011 petition. *See* 28 U.S.C. § 2255(f)(1) (stating deadline to file § 2255 expires one year from the date judgment of conviction final). Even if counsel incorrectly advised Petitioner he could file the same claims again, that bad advice would not provide a basis for an end-run around the one-year filing deadline. *See Helton v. Secretary for Dept. of Correction*, 259 F.3d 1310, 1313 (11th Cir. 2001) (noting due diligence as to timeliness of habeas petition required even of litigants with counsel); *see also Outler v. United States,* 485 F.3d 1273, 1283 n. 4 (11th Cir. 2007) (finding *pro se* litigants deemed to know §2255 one-year filing deadline). Because Petitioner should have known any future petition would be time-barred, his withdrawal is qualitatively distinct from withdrawals wherein a belief in future litigation is reasonable. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) (finding second habeas not successive after initial habeas dismissed without prejudice for failure to exhaust state remedies).[5] The totality of these objective and undisputed facts bring Petitioner's withdrawal of his first § 2255 in line with petitioners who withdraw upon "see[ing] the writing on the wall" and for whom it would be improper to permit circumvention of the stringent limitations on successive petitions. *See Potts v United States*, 210 F.3d 770, 770-71 (7th Cir. 2000) (finding counseled petitioner's withdrawal after Government's response was tantamount to conceding likely defeat and barred successive petitions without leave). This is true irrespective of whether the withdrawal properly occurred with or without prejudice.

### III.   CONCLUSION

The objective circumstances surrounding Petitioner's voluntary withdrawal of his 2011

---

[5] Relatedly, the Government correctly asserts that the instant petition is time-barred as well as successive [DE-13, p. 10-11]. Rather than providing any evidence or argument to the contrary, Petitioner replied that an evidentiary hearing as to timeliness was "likely required" [DE-17, p. 2]. Petitioner has not provided any basis for an evidentiary hearing as to timeliness. In light of the unexplained passage of four years between the dismissal of Petitioner's first habeas petition and the filing of his second, there is no apparent extraordinary basis which would justify equitable tolling. Accordingly, the Court would dismiss this petition as untimely if the Court had jurisdiction to do so.

petition establish that the resulting 2012 dismissal "counts" and that the instant petition is successive. This Court is therefore without jurisdiction to consider it. Having conducted a *de novo* review and finding Judge White's factual findings not clearly erroneous and his legal conclusions consistent with the proper application of the law to those facts, the Court adopts and affirms the Report and overrules Petitioner's Objections.

In order to obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The R&R recommended denial of a certificate of appealability and provided the parties with an opportunity to respond [DE-7, p. 5-6]. Petitioner did not address the certificate of appealability in his objections (or any other pleading) and he has not made a substantial showing of the denial of a constitutional right. Therefore, it is hereby

ORDERED that

1) The Report of Magistrate Judge White [DE-7] is AFFIRMED and ADOPTED and incorporated by reference into this Order.

2) Petitioner's Objections [DE-10] are OVERRULED.

3) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 18 U.S.C. § 2255 [DE-1] is DISMISSED for lack of jurisdiction.

4) A certificate of appealability is DENIED.

5) This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 13th day of December, 2016.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
Counsel of Record
Michel De Jesus Huarte, *pro se*